## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE

v.

DONALD K. WRIGHT,

            Defendant

)
)
)
)
)
)
)
)
)

ID#0803024468

Submitted: November 28, 2016
Decided: February 27, 2017

On Defendant's Second Motion for Postconviction Relief.
**<u>SUMMARILY DISMISSED.</u>**

On Defendant's Motion for Appointment of Counsel. **<u>DENIED AS MOOT.</u>**

# <u>ORDER</u>

Cari Chapman, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Donald Wright, James T. Vaughn Correctional Institution, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 27th day of February 2017, upon consideration of Defendant's Second Motion for Postconviction Relief, it appears to the Court that:

1. The facts of this case were set forth in this Court's earlier opinion on Defendant's first Motion for Postconviction Relief as follows:

   > Defendant, Donald Wright, was convicted on December 12, 2008, following a jury trial in this Court of eight counts of Rape First

1

Degree, Rape Second Degree, Unlawful Sexual Contact First Degree and Continuous Sexual Abuse of a Child.

These charges arose from events that took place between April 2006 and November 2007, during which time Defendant sexually abused his minor stepdaughter.[1] The victim testified at trial that Wright repeatedly engaged in oral and vaginal intercourse with her during this period of time.[2] Defendant admitted at trial that he engaged in oral sex with the victim "four times, had ejaculated on her stomach, touched her breasts, rubbed his penis on the outside of her vagina and placed his fingers inside her vagina."

On February 12, 2009, Defendant was sentenced to fifteen years at Level V on each count of Rape First Degree and Continuous Sexual Abuse of a Child. Defendant was also sentenced to ten years at Level V followed by five years of probation for the single count of Rape Second Degree.

Defendant appealed his case to the Delaware Supreme Court and his convictions were affirmed on August 28, 2009.[1]

2.    In his first Motion for Postconviction Relief, Defendant asserted three grounds for postconviction relief: (1) "movant was prejudiced when counsel failed to file a timely objection pursuant to Superior Court Criminal Rule 12(b)(2) challenging the vagueness of [the] indictment. . . . (2) movant was prejudiced when counsel on direct appeal failed to challenge the vagueness of [the] indictment as to counts 1 through 8; . . . and (3) movant was prejudiced when counsel on direct appeal failed to challenge the vagueness of [the] indictment as to count 38."[2]

3.    This Court denied Defendant's first Motion for Postconviction Relief, finding that Defendant had failed to show that his trial and appellate counsels' representation of him fell below an objective standard of reasonableness as required by *Strickland v. Washington*. That decision was affirmed by the Delaware Supreme Court.[3]

---

[1] *State v. Wright*, 2010 WL 11470344, at *1 (Del. Super. July 22, 2010).

[2] *Id.*

[3] *Wright v. State*, 2011 WL 181470 (Del. Jan. 14, 2011) (finding no merit to Defendant's allegation of ineffective assistance of counsel, and holding that "[Defendant's] indictment conformed to the requirements of Superior Court Criminal Rule 7(c)(1) by placing him on notice of the charges against which he was required to defend. As such, there was no substantive basis on which to challenge the indictments.").

4.      On November 16, 2016, Defendant filed his second Motion for Postconviction Relief and a Motion for Appointment of Counsel. In his second Motion for Postconviciton Relief, Defendant moves for relief on two grounds that "[have] nothing to do with prior postconviction."[4] In his first ground for relief, Defendant argues:

> Procedural bars (1) (2) (3) or (4) are **inapplicable** and **shall not** apply to **jurisdictional claim** because 2(i) clearly shows **error pleads** with particularity that **new evidence exist,** that creates a strong inference **error exist** and **was hidden** resulting in newly discovered evidence[.] Indictment from grand jury based on **United States v. Reese** 92, U.S. 214, 232 (Clifford J. dissenting[)] 1 **Bishop supra** 87 at 55 **must** contain an allegation of **every fact** which is **legally essential** to the punishment to be inflicted. Also Grand jury indictment either **gives the court jurisdiction or not** because the grand jury indictment **must** be **correct in order to protect defendants due process to a fair trial.** Procedural bars (1) (2) (3) and (4) are inapplicable and **shall not** apply to **jurisdictional error Superior Court lacked jurisdiction** pursuant to indictment because (Clifford J. dissenting **1 Bishop supra** 87 at 55 clearly demonstrates an indictment **must** include any particular fact which the law makes essential to the punishment results in a **miscarriage of justice**. The rule is necessary **to prevent** an impermissibly large risk of an **inaccurate conviction**. The rule alters our understand of the **bedrock** procedural elements essential of the fairness of a proceeding. Based on the facts presented in the grounds reconsideration is warranted in the interest of justice, because grand jury protection must be preserved and protected.[5]

In support of this claim, Defendant sets forth the following "Supporting facts:"

> (a) A person is guilty of rape in the first degree when the person intentionally engages in sexual intercourse with another person (1) The sexual intercourse occurs without the victims consent and during the commission of the crime or during the immediate flight following the commission of the crime, or during an attempt to

---

[4] Def.'s Second Mot. for Postconviction Relief at 2.
[5] *Id.* at 3.

3

prevent the reporting of the crime, the person causes **physical injury** or **serious mental** or **emotional injury** to the victim.

The grand jury indictment **does not have the aggravating factors** which results in a unfair trial violating defendants grand jury protection due process protection, not given to defendant results in **fundamental unfairness** grand jury indictments. The errors injured and destroyed by insidious activity. Court lacked jurisdiction pursuant to try convict or punish. Defendant supports his allegations of constitutional error with new reliable evidence, that **grand jury protection must be given.** This error is a legal nullities. Superior court lacked jurisdiction over the defendants indictment acted in a manner inconsistent with constitutional due process and in addition acted beyond the powers granted to it under the law **U.S. v. Reese**[.]

5.    In his second ground for postconviction relief, Defendant asserts the following:

procedural bars (1) (2) (3) and (4) are inapplicable and shall not apply to Double Jeopardy violation. (2) (i) is needed because the **Due Process** violation pleads with particularity that **new evidence** exists that creates a strong inference. **New evidence exists** and **was hidden** which qualifies the claim for newly discovered evidence. Reconsideration is warranted in the interest The double clause has never required prejudice beyond the very exposure to a second jeopardy.

Also procedural bars (1) (2) (3) and (4) are also inapplicable and shall not apply to Double jeopardy violation because Superior Court **lacked jurisdiction** to try by trial or convict or punish. Multiplicitous counts are improper because they allow multiple punishments for a single offense. The courts have held that counts charging substantive violations of Rape section pursuant to indictment are multiplicitous because they both concern the same place and same time period. **U.S. v. Wood** . . . lacked jurisdiction to try convict or punish based on not preserving or protecting defendants fair trial

4

rights error results in a miscarriage of justice. Multiplicitous indictment and convictions of multiplicitous indictment charges.[6]

In support of that argument, Defendant set forth another section of "Supporting Facts:"

> The instant that superior court permits multiplicity of an indictment to enter the courtroom double jeopardy violation results in fundamental unfairness. The rule prohibits the Superior Court from charging a single offense in several counts and is intended to prevent multiple punishments for the same act.

> For a defendant conviction under multiplicitous indictment the sole remedy is to **vacate** the multiplicitous sentence. The rule against multiplicity stems from the 5th Amendment of the constitution which forbids a defendant twice in jeopardy for one offense. Trial Counsel knew about all these substantial right violations which cause him to fall below the objective standard of reasonableness. Multiplicitous indictments violates double jeopardy clause because it raises danger that defendant will receive more than 1 sentence for single crime That if it wasn't for counsel actions were so clearly prejudicial to substantial rights of defendants that errors jeopardized the very fairness of constitutional guarantee. 6th Amendment protection was denied creating a miscarriage of justice to a fair trial, for defendant.[7]

Defendant filed a Motion for Appointment of Counsel on November 16, 2016.

6. Before considering the merits of a motion for postconviction relief, this Court must first determine whether or not the motion is procedurally barred under Superior Court Criminal Rule 61(i). As this is Defendant's second motion for postconviction relief, Rule

---

[6] *Id.* at 4.
[7] Def.'s Second Mot. for Postconviction Relief at 2.

61(d)(2) pertaining to successive motions is the applicable one in this matter. Under Rule 61(d)(2), successive motions for postconviction relief are procedurally barred unless the defendant

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[8]

7. In the case at bar, Defendant has failed to satisfy either test that would permit him to overcome the procedural bar. With respect to Rule 61(d)(2)(i), although Defendant makes a statement in his motion that new evidence exists that would create a strong inference that he is actually innocent of the crimes charged, his statement is merely conclusory on that point. Defendant has failed to set forth what that new evidence may be. Rather, it appears that the "new evidence" contemplated by Defendant is a new legal argument concerning the validity of his indictment. Accordingly, Defendant has failed to plead with any particularity that new evidence exists that creates a strong inference of actual innocence.

8. With respect to Rule 61(d)(2)(ii), Defendant has failed to show that a new rule of constitutional law made retroactive to his case exists. Rather, Defendant appears to again, as he did in his first Motion for Postconviction Relief, challenge the content of his indictment. In this Motion, Defendant cites the Double Jeopardy Clause and argues that his charges were "multiplicitous." However, his grounds for relief are again conclusory and do not set forth any argument supporting his belief that a new rule of constitutional law exists that was made retroactive to his case. Defendant could have argued these claims either on direct appeal from his conviction or in his First Motion for Postconviction Relief, but failed to do so. Accordingly, as Defendant has failed to overcome the procedural bars to successive motions for

---

[8] Super. Ct. Crim. R. 61(d)(2)

postconviction relief, Defendant's second Motion for Postconviciton Relief is summarily dismissed, as required by Rule 61(d)(2).

Therefore, Defendant's Second Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

Defendant's Motion for Appointment of Counsel is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

                     _____

                     Richard R. Cooch, R.J.

oc:    Prothonotary
cc:    Investigative Services